UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

**THE PARISH OF PLAQUEMINES, ET AL.**               **CIVIL ACTION**

**VERSUS**                                          **NO. 18-5260**

**HELIS OIL & GAS COMPANY, LLC, ET AL.**            **SECTION "B"(2)**

                        ORDER AND REASONS

There are three motions before the Court. First, Plaintiffs have filed a "Joint Ex Parte Motion for Leave to File Joint Memorandum in Support of Motions for Remand in Excess of Page Limitations of Local Rule 7.7" (Rec. Doc. 23). Second, Defendant Chevron U.S.A. Inc. has filed a "Motion for Stay Pending MDL Determination" (Rec. Doc. 9), which Plaintiffs have opposed (Rec. Docs. 13, 14). Third, Defendant filed a "Motion for Extension of Time to Respond to Plaintiffs' Motion to Remand" (Rec. Doc. 27). For the reasons discussed below,

**IT IS ORDERED** that the motion to stay (Rec. Doc. 9) is **GRANTED** and the above-captioned matter is **STAYED AND ADMINISTRATIVELY CLOSED** pending a decision by the Judicial Panel on Multidistrict Litigation (the Panel) on the motion (*see* Rec. Doc. 5) to coordinate pretrial proceedings of potentially related cases filed by various Louisiana parishes against various oil companies.

                              1

The above-captioned matter was removed from state court, for the second time, on May 23, 2018.[1] *See* Rec. Doc. 1. On May 25, 2018, Defendants joined a motion presently before the Panel that seeks coordinated pretrial proceedings, pursuant to 28 U.S.C. § 1407, of various allegedly related cases. *See* Rec. Doc. 5. Briefing before the Panel on that pending motion, *see* Rec. Doc. 5, will be completed by July 2, 2018. *See* Rec. Doc. 18 at 1. On May 30, 2018, Defendants filed the instant motion to stay the above-captioned matter pending a decision by the Panel. *See* Rec. Doc. 9.

"The pendency of a motion . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Rule 2.1(d) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation. But neither does it deprive the Court of its "inherent" "power to stay proceedings . . . to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

---

[1] This same case was first removed from state court in December 2013. *See Plaquemines Par. v. Helis Oil & Gas Co.*, No. 13-6715, Rec. Doc. 1 (E.D. La. Dec. 18, 2013). It was remanded in November 2015. *See Helis Oil & Gas Co.*, No. 13-6715, Rec. Doc. 34 (E.D. La. Nov. 20, 2015).

"[A] stay is appropriate when it serves the interests of judicial economy and efficiency." *La. Stadium & Exposition Dist. V. Fin. Guar. Ins. Co.*, No. 09-235, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Id.* Here, the factors weigh in favor of granting a stay.

Plaintiffs will suffer some prejudice from a stay because they will be delayed in seeking remand and continuing to assert their claims against Defendant. The prejudice here may be greater than in the average case because the above-captioned matter has been litigated in state court for the past three years. But this prejudice is outweighed by the other two factors. Defendant has exercised its statutory rights to remove the above-captioned matter from state court and seek coordination of pretrial proceedings. *See* 28 U.S.C. §§ 1407, 1441. While Plaintiffs may dispute the merits of Defendant's actions, the instant motion to stay is not the appropriate forum for such arguments. Denying Defendant's motion for a stay could interfere with Defendant's ability to present its argument for coordination of pretrial proceedings to the Panel.

Finally, granting a stay will save judicial resources by avoiding duplicative litigation. This is one of 40 similar cases that were removed from state court on the same day and are currently pending in various sections across two judicial districts. *See* Rec. Doc. 1-1 at 3-4. To move forward with each case individually when they might soon be consolidated would be a waste of judicial resources as many judges "would have to spend time familiarizing [themselves] with the intricacies of [] case[s] involving" complex allegations and years of history. *La. Stadium & Exposition Dist.*, 2009 WL 926982, at *1. For example, Plaintiffs have sought leave to file a motion to remand with a 38 page memorandum in support and over 3,000 pages of exhibits. *See* Rec. Doc. 23. Given the potential complexity of the motion to remand, and the fact that the motion to coordinate pretrial proceedings will be fully briefed in a few weeks, a stay will conserve judicial resources without unduly prejudicing Plaintiffs.[2]

---

[2] At least two other judges have recently reached the same conclusion with respect to similar motions to stay. *See Par. of Jefferson v. Exxon Mobil Corp.*, No. 18-5257, Rec. Doc. 25 (E.D. La. June 11, 2018) (granting stay pending Panel decision); *Par. of Plaquemines v. BEPCO, L.P.*, No. 18-5258, Rec. Doc. 18 (E.D. La. June 11, 2018) (same); *Par. of Cameron v. Alpine Expl. Co.*, No. 18-684, Rec. Doc. 50 (W.D. La. June 1, 2018) (same); *Par. of Cameron v. Atl. Richfield Co.*, No. 18-686, Rec. Doc. 19 (W.D. La. June 1, 2018) (same); *Par. of Cameron v. Auster Oil & Gas, Inc.*, No. 18-677, Rec. Doc. 52 (W.D. La. June 1, 2018) (same); *Par. of Cameron v. BP Am. Prod. Co.*, No. 18-687, Rec. Doc. 21 (W.D. La. June 1, 2018) (same); *Par. of Cameron v. Ballard Expl. Co.*, No. 18-678, Rec. Doc. 45 (W.D. La. June 12, 2018) (same); *Par. of Cameron v. Apache Corp.*, No. 18-688, Rec. Doc. 47 (W.D. La. June

**IT IS FURTHER ORDERED** that Plaintiffs' motion (Rec. Doc. 23) for leave to file a motion to remand that exceeds the Local Rules page limits is **DISMISSED AS MOOT** because Plaintiffs subsequently filed a motion to remand (Rec. Doc. 25) that complies with the Local Rules page limits.

**IT IS FURTHER ORDERED** that Defendant's "Motion for Extension of Time to Respond to Plaintiffs' Motion to Remand" (Rec. Doc. 27) is **DISMISSED AS MOOT.**

New Orleans, Louisiana, this 25th day of June, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

12, 2018) (same); *Par. of Cameron v. Anadarko E&P Onshore, LLC*, No. 18-689, Rec. Doc. 59 (W.D. La. June 12, 2018) (same) *Par. of Cameron v. BEPCO, L.P.*, No. 18-690, Rec. Doc. 91 (W.D. La. June 12, 2018) (same); *Stutes v. Gulfport Energy Corp.*, No. 18-691, Rec. Doc. 49 (W.D. La. June 12, 2018) (same).